WRIGHT, Presiding Judge.
This is an appeal from an involuntary commitment order rendered May 19, 1982, by the Mobile County Probate Court against Barbara Jean Dunson. The cause arose under the following pertinent facts:
On April 21, 1982, Elizabeth Christian, appellant’s mother, petitioned for involuntary commitment of appellant, Barbara Jean Dunson. A guardian ad litem was appointed for appellant, and petitioner was represented by a court-appointed attorney. After a hearing on May 11, 1982, the probate court found “probable cause” for appellant to be confined to the Mobile Mental Health Center In-Patient Unit for diagnosis, treatment and evaluation until a final hearing on the merits. Following the final hearing on May 19, 1982, the probate court in its order stated that:
“It appearing to the Court from the evidence adduced on the 19th day of May, 1982, that it is clear, unequivocal and convincing that Barbara Jean Dunson is mentally ill and poses a real and present threat of substantial harm to herself and others; that the danger has been evidenced by recent overt acts of the individual; that there is treatment available for the illness diagnosed and that commitment to Searcy Hospital, Mt. Vernon, Alabama, is the least restrictive alternative necessary and available for treatment of the person’s illness;
“It is therefore, ordered, adjudged and decreed by the Court that Barbara Jean Dunson, be and is hereby committed to Searcy Hospital, Mt. Vernon, Alabama, for safekeeping and for treatment of her mental illness.”
From that order Ms. Dunson appeals through her guardian ad litem.
The evidence before the probate court revealed the following:
Appellant is twenty-seven years old and the mother of two children. Prior to the probable cause hearing, appellant resided with her mother, Elizabeth Christian, petitioner herein. Appellant’s father, brother, two sisters, and two children also resided in the house. Apparently her only income consists of welfare payments. A clinical psychologist testified that on the basis of his observations of appellant and evaluation of certain tests, it was his opinion that appellant was currently mentally ill. He diagnosed her condition as schizophrenia, paranoid type, chronic, with acute exacerbation. The psychologist testified that appellant poses a danger to herself and to others, is belligerent and resistive to treatment. It was his opinion that the least restrictive treatment would be hospitalization on an involuntary basis. Such treatment is available at Searcy State Hospital at Mt. Vernon.
Petitioner testified that within the six months prior to the hearing appellant had threatened her with a kitchen knife and also had used an unreasonable amount of force in whipping her young daughter with an extension cord. Petitioner further stated that appellant suffered from hallucinations and would not keep herself or her children clean.
Appellant denied that the kitchen knife incident had occurred. She admitted to whipping her daughter, but denied the use of an extension cord. She stated that none of her family liked her and that they were trying to turn her little girl against her. She explained that the instant petition was begun by her mother in an effort to protect her brother. Appellant alleged that her brother had attacked her on the sofa and she had pressed charges against him.
Section 22-52-10, Code (1981 Supp.) provides:
“(a) If at the final hearing upon a petition seeking to commit a person to the custody of the state department of mental health or such other public facility as *251 the court may order, the probate judge, on the basis of clear, unequivocal and convincing evidence, shall find:
(1) That the person sought to be committed is mentally ill; and
(2) That as a consequence of the mental illness the person poses a real and present threat of substantial harm to himself or to others; and
(3) That the threat of substantial harm has been evidenced by a recent overt act; and
(4) That treatment is available for the person’s mental illness or that confinement is necessary to prevent the person from causing substantial harm to himself or to others; and
(5) That commitment is the least restrictive alternative necessary and available....
“(b) If any such element be unproved, the probate judge shall deny the petition and discharge the subject of the petition sine die.” (Emphasis supplied.)
The wording of the probate court’s order strictly complies with the requirements of the Code provision. The issue on appeal is whether the evidence in the record supports a finding that such evidence is “clear, unequivocal and convincing.”
The requirement that the evidence be “unequivocal,” if viewed in strict definition, is indeed a high burden of proof for involuntary commitment in Alabama. See, In the Matter of Cartee, 410 So.2d 905 (Ala.Civ.App.1982). However, the term “unequivocal” cannot be reasonably construed in this statute to mean undisputed or without conflict. The adversary context in which involuntary commitment cases arise necessarily envisions the possibility of disputed facts and conflicting evidence.
In the instant case the facts are in dispute. Appellant denies petitioner’s allegations concerning a recent overt act. She also denies that she is mentally ill. The judge personally heard all of the evidence. With his opportunity to view the witnesses and assess their credibility, the judge was in the best position to resolve disputed testimony. The ore tenus rule applies. We are not authorized to disturb the factual findings contained in the final judgment of the probate court unless clearly and palpably wrong. Walker v. Dancer, 386 So.2d 475 (Ala.Civ.App.1980).
There is evidence in the record before us which, if believed, could be deemed “unequivocal” proof of all of the required findings under § 22-52-10, Code (1981 Supp.). We cannot say, therefore, that the findings of the probate court are plainly and palpably wrong.
This case is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.